UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| F. HOWARD SINGLETON | § | |
| | § | |
| | § | |
| VS. | § | Case No. 2:18-CV-271 |
| | § | |
| SAFE STEP WALK-IN TUB CO. AND | § | |
| SYNCHRONY BANK | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

F. HOWARD SINGLETON files this petition complaining of SYNCHRONY BANK hereinafter sometimes referred to as "Defendant" and would show the following:

### I.   PARTIES

1. Plaintiff F. HOWARD SINGLETON is an individual residing in Nueces, County, Texas.

2. SYNCHRONY BANK is a Florida company doing business in Texas that has agreed to accept service.

### II.   VENUE AND DISCOVERY LEVEL

3. Venue is proper in Nueces County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 15.001 and § 15.036, and pursuant to Tex. Bus. & Com. Code Ann. § 17.56, and because all or parts of the cause of action accrued here.

### III.   ACTS OF DEFENDANT

4. Wherever in this Petition it is alleged that Defendant did any act or committed any omission, it is meant that each said Defendant's officers, agents, servants, employees, or

representatives did such act or committed such omission and at the time was done with the full authorization and/or notification of each said Defendant or was done in the normal and routine course and scope of employment of each said Defendant's officers, agents, servants, employees, or representatives.

## IV.  FACTS

5. F. Howard Singleton was coerced into purchasing a Walk-In Tub by a salesman that came into his home and pressured him for over 2 hours using various scare tactics to prey upon the elderly customer and promising him it would be seller-financed. Since the tub installation, there have been numerous issues with this product and it was discovered that without his knowledge or approval Synchrony Bank opened a credit card in his name.

6. The salesman preyed upon our elderly client by insinuating he would be unable to care for himself and be a burden on others and possibly sent from his house to a nursing home if the tub was not purchased. Despite the fact Plaintiff had no physical disability and did not need the tub, this scare tactic caused Plaintiff to think he needed it. Plaintiff, being a senior citizen living on social security checks, could not afford the tub, nor did he need it. The salesman stated Safe Step Walk-In Tub was financing the purchase so there would be small payments that Plaintiff could afford on his social security income. When Plaintiff expressed his concerns to the salesman and that he needed to wait and think about it, he was told he must sign that day before the salesman left and could not think about it over night or call someone else for their advice. Plaintiff was worried he would lose this seller-financed "special discounted price" that the salesman stated could not be re-offered if Plaintiff did not sign that day before the salesman left. So he reluctantly signed thinking he had no other choice. The salesman misrepresented in the high pressure sales pitch that the purchase was seller-financed because in actuality Plaintiff's identity was being stolen and used by Defendant Synchrony to open a credit card account in

Plaintiff's name.  Plaintiff never agreed to open this Synchrony credit card account or charge the cost of the step in tub on Synchrony's credit card.  Plaintiff's credit and credit rating has been harmed by these actions and/or omissions.

7. Upon information and belief, Defendant has a habit, pattern and/or business model which utilizes agents and representatives to sell their credit cards and financing; supplies these agents and representatives with Defendant's forms and contracts; these agents/representatives then have Defendant's credit cards or other financing services issued in the victim's name in conjunction with the victim purchasing other goods or services.  While the victim is aware of the third party goods being sold, for example a walk in tub, that the victim is intending to purchase, the victim is not informed their personal information is being used by Defendant to issue them a credit card or other financing.

## V.   FRAUD AND MISREPRESENTATION

8. Plaintiff states that Defendant is liable for fraud and misrepresentation.  Upon information and belief, Defendant has a habit, pattern and/or business model which utilizes agents and representatives to sell their credit cards and financing; supplies these agents and representatives with Defendant's forms and contracts; these agents/representatives then have Defendant's credit cards or other financing services issued in the victim's name in conjunction with the victim purchasing other goods or services.  It was represented to Plaintiff that he was purchasing the Safe Step Walk-In Tub that had specific qualities and would be owner financed by the seller Safe Step Walk-In Tub.  Plaintiff did purchase the said product based upon the promised seller financing in question based on such representations and warranties by Defendant Synchrony and/or its agent or representative.  Defendant's representations were untrue.  Yet when Plaintiff told Defendant of its misrepresentations and asked Defendant to remove the misrepresented financing, Defendant refused, causing Plaintiff more damages.  Defendant baited

and/or deceived Plaintiff into seller financing with Safe Step Walk-In Tub Co. then secretly switching to financing with Defendant Synchrony Bank.  In fact, Defendant went so far as to open a credit card account in Plaintiff's name without his knowledge or approval.

9. Such actions, omissions and representations by Defendant constituted fraud and misrepresentation.  All such conduct as alleged herein and above was a producing cause of damage to Plaintiff for which Plaintiff now sues.

### VI. COMMOM LAW AND STATUTORY CONTRACT CLAIMS

10. Defendant has breached the contract and warranty with Plaintiff by failing to provide what was promised and purchased by Plaintiff.  Defendant's breach has been a producing and proximate cause of Plaintiff's actual damages.  Plaintiff also notified Defendant of its breach of Civil Practice and Remedies Code 38.001 *et seq.*  Plaintiff also sues under that statute since Defendant failed to timely and properly respond after the statutory notice letter was sent to Defendant on or about November 11, 2016.

11. Fraudulent use and/or the possession of personal identifiers is also criminal act. Under Tex. Penal Code Ann. section 32.51, a person who *obtains, transfers, possesses, or makes use of another person's identifiers—without his or her consent and with intent to "harm or defraud" the victim can be found guilty of a crime.*  Depending on the specific circumstances, fraudulently using or possessing another person's identifiers is a third-degree, second-degree, or first-degree felony.  It is also a violation of Texas Business and Commerce Code 521 *et seq.*

12. Unauthorized Acquisition of Certain Financial Information in Texas is also a crime.  Under Texas Penal Code Ann. section 31.17, a person in Texas commits the crime of *unauthorized acquisition* or *transfer of certain financial information* if they obtain financial or payment card information via any recording, electronic, or photographic instrument, or when they provide or transfer information to other persons.  If convicted, the Defendant faces a Class

B misdemeanor offense (obtaining unauthorized acquisition) or a Class A misdemeanor (transfer of certain financial information).  It is also a violation of Texas Business and Commerce Code 521 *et seq.*

13.  A felony conviction for the fraudulent possession or use of identifiers can mean a maximum $10,000.00 fine.  Misdemeanor convictions for the transfer of certain financial information or unauthorized acquisition can mean a maximum $4,000.00 fine.  Plaintiff also requests restitution damages.  Restitution is necessary to compensate the victim Plaintiff for Plaintiff's damages.  Plaintiff also requests damages and injunctive relief pursuant Texas Business and Commerce Code 521 *et seq.*

14.  Defendant is liable for identity theft even if it did not plan to use another person's sensitive financial information to obtain goods, services, or something else of value.  According to Texas law, identity theft happens if you obtain, use, or possess another person's information *with the intent to make fraudulent use of that data at some later date, for your benefit.*

## VII.  DAMAGES

15.  Defendant's acts and/or omissions have been producing and proximate causes of damages to Plaintiff in excess of the $10,000.00 but below $75,000.00.

## IX.  MAXIMUM SUM SUED FOR

16.  The Plaintiff seeks that sum of money, if paid now in cash, below $75,000.00, which would fairly and reasonably compensate Plaintiff for Plaintiff's damages that resulted from the occurrence in question.  The Plaintiff defers to the trier of facts as to that sum.

## X.  ATTORNEY'S FEES

17. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to, among other things, Tex. Civ. Prac. & Rem. Code Ann. § 38.001 *et seq.*; breach of contract; breach of warranty; misrepresentation and fraud.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Plaintiff recover from Defendant, jointly and severally, actual damages, exemplary damages, statutory penalties, prejudgment interest, post-judgment interest, attorneys' fees, costs, and such other relief to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

SINGLETON LAW FIRM

/s/ Howard H. Singleton
HOWARD SINGLETON
State Bar No. 18436200
Federal Bar No. 11728
109 E. Milam
Wharton, Texas 77488
singletonlaw@sbcglobal.net
(979) 532-9800
(979) 532-9805 FAX
ATTORNEYS FOR PLAINTIFF
F. HOWARD SINGLETON

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2018 the foregoing document was filed electronically and served on all Parties through the Court's CM/ECF System.

/s/ Howard H. Singleton
HOWARD SINGLETON