UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| F. HOWARD SINGLETON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-271 |
| | § | |
| SYNCHRONY BANK, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

Plaintiff F. Howard Singleton filed this action against Synchrony Bank (Synchrony), alleging claims of fraud, breach of contract, and violation of the Texas Business and Commerce Code in connection with a high-pressure in-home sale of a bathtub for the disabled. Before the Court is Synchrony's motion to dismiss Singleton's first amended complaint (D.E. 9) under Federal Rule of Civil Procedure 12(b)(6). D.E. 11. Singleton responded (D.E. 17)[1] and Synchrony filed a reply to the response (D.E. 20). For the reasons discussed more fully below, Synchrony's motion to dismiss is granted.

---

[1] Singleton's response was filed 43 days after the motion to dismiss and was out-of-time. Local Rule 7.3. However, even if this Court treats the motion to dismiss as unopposed, the Fifth Circuit has made clear that a dispositive motion cannot simply be granted due to the failure to comply with a local rule requiring a response. *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980).

## I. JURISDICTION AND VENUE

There is diversity of citizenship between the parties because Synchrony is a citizen of Utah[2] and Singleton is a citizen of Texas. D.E. 1-1 at 2; D.E. 21 at 2. Further, Singleton alleged that the amount in controversy was over $75,000 in his initial complaint, which controls. D.E. 1-1 at 5-6; *see also* D.E. 22. Thus, jurisdiction is proper in this Court. 28 U.S.C. § 1332. Venue is also proper in this Court because the alleged harm occurred in Corpus Christi, Nueces County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. §§ 124(b)(6), 1391(b)(2).

## II. BACKGROUND

In August 2018, Singleton filed a complaint against Synchrony and Safe Step Walk-In Tub Company (Safe Step) in Texas state court. D.E. 1-1 at 2-6. Safe Step removed the complaint to this Court. D.E. 1 at 1-5. After settling with Safe Step, Singleton dismissed it from the case. D.E. 5 at 1; D.E. 6 at 1.

Singleton then filed his first amended complaint against Synchrony, in which he alleges the following. D.E. 9 at 1-6. A salesman came into Singleton's home and took advantage of his advanced age, suggesting that he would not be able to take care of himself and could be sent to a nursing home if he did not buy a Safe Step tub. *Id.* at 2. Singleton had no physical disability indicating a need for the tub and he could not afford it. The salesman claimed that he was offering a limited-time discounted price with Safe Step's seller-financing. Singleton told the salesman that he needed more time to think

---

[2] Singleton alleges that Synchrony is a Florida corporation. D.E. 9 at 1. However, Synchrony states that it is a citizen of Utah. D.E. 21 at 2. Neither claims that Synchrony is a citizen of Texas.

about the purchase, but the salesman told him that the terms and financing he was offering would not be offered again. *Id.*

Contrary to the promised seller-financing, Singleton's personal information was used without his consent to open a Synchrony credit card account. *Id.* at 2-3. His credit rating was harmed as a result. *Id.* at 3. Singleton further alleges that:

> upon information and belief, [Synchrony] has a habit, pattern and/or business model which utilizes agents and representatives to sell their credit cards and financing; supplies these agents and representatives with [Synchrony's] forms and contracts; these agents/representatives then have [Synchrony's] credit cards or other financing services issued in the victim's name in conjunction with the victim purchasing other goods or services.

*Id*. While the victims were aware of the goods being sold, they were not informed that their personal information would be used to issue a credit card or other financing. *Id*.

### III. DISCUSSION

####   a.  **Motion to Dismiss Standard**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, the court ordinarily does not go outside the pleadings and must accept all well-pleaded facts as true, looking at them in the light most favorable to the plaintiff. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).

A pleading must include a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of what the claim is. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, but the plaintiff must nonetheless provide more than merely labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint are assumed to be true, even if unlikely, but the allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570. A claim has facial plausibility where the factual allegations allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts that are merely consistent with a defendant's liability are insufficient. *Id.*

A plaintiff's failure to meet the specific pleading requirements should not automatically result in dismissal of the complaint with prejudice. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is incurable or the plaintiff has failed to plead with particularity after being given repeated opportunities to do so. *Id.* A court need not grant leave to amend where the movant fails to specify what amendment is desired and how it would cure its pleading defects. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). When seeking to amend, the movant must set forth "with particularity the grounds for the amendment and the relief sought." *Id.* A "bare request in an opposition in a motion to dismiss" absent any particular grounds is inadequate. *Id.*

### b. Propriety of Motion

As an initial matter, Singleton contends that Synchrony improperly turned its motion to dismiss into a motion for summary judgment by arguing that he was required to attach the referenced contract and "statutory notice letter" to his complaint. D.E. 17 at 3. Where matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss must be treated as one for summary judgment under Federal Rule of Civil Procedure 56. *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 n.9 (5th Cir. 2014).

This argument fails for two reasons. First, reference to such materials is permissible without converting a motion to dismiss into a motion for summary judgment. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (courts may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."). Second, Synchrony did not insist that its motion turned on Singleton's failure to attach those documents. Rather, in opposing Singleton's reliance on formulaic allegations, it argued that the documents would provide the Court with better information on which to evaluate the claims. D.E. 20 at 4. By noting the argument, the Court does not go outside the boundaries of a motion to dismiss. The Court rejects the argument that the motion to dismiss must be converted to a motion for summary judgment.

### c. Fraud

A heightened level of pleading is imposed for fraud claims. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). When alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). Malice, intent, knowledge, and other conditions of a person's mind may still be alleged generally. *Id.* The Fifth Circuit strictly interprets Rule 9(b), requiring the plaintiff to specify the statements that were fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Dorsey*, 540 F.3d at 339. When agency is an element of a fraud claim, it must be pleaded with the particularity required under Rule 9(b). *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1362 (Fed. Cir. 2001); *Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*, No. H-06-1492, 2007 WL 400094, at *3-4 (S.D. Tex. 2007). In *Chou*, the Federal Circuit concluded that the plaintiff's agency allegations were insufficient where he failed to plead that the acts of a company's director, co-founder, and manager were committed within the scope of authority conferred by those positions. *Chou*, 254 F.3d at 1362.

Where the facts relating to an alleged fraud are peculiarly within the perpetrator's knowledge, the fraud may be pled based on information and belief. *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). However, "even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Id.*

In its motion to dismiss, Synchrony first argues that Singleton does not adequately plead a claim of fraud and misrepresentation under the pleading requirements of Federal

Rule of Civil Procedure 9(b) because: (1) Singleton does not plead sufficient facts from which the Court may infer that Synchrony is liable for the acts of the salesman as a Synchrony employee or agent; and (2) Singleton's allegations about Synchrony's "business model" are merely conclusory. D.E. 11 at 7-9. Singleton responds that he properly pled all of the elements of a fraud claim under Texas law, including that: (1) Synchrony misrepresented how the tub would be financed; (2) this was a material fact; (3) the misrepresentation was made with the intent to defraud; and (4) he relied on the misrepresentation. D.E. 17 at 2. *See generally Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W. 3d 323, 337 (Tex. 2011).

Despite Singleton's efforts to satisfy the basic elements of a fraud case under Texas law, he has failed to plead fraud against Synchrony with the particularity required by Rule 9(b). Singleton's allegations fall short because the relationship between Synchrony and the salesman is central to his claim, but he has not alleged that the salesman represented Synchrony, nor has he established an agency relationship with the necessary particularity. *See Chou*, 254 F.3d at 1362. Singleton's complaint never identifies who the salesman worked for. *See generally* D.E. 9.

Although Singleton has alleged, based on information and belief, that Synchrony uses a scheme of third-party sellers to fraudulently obtain personal information, he has not set forth a factual basis for that allegation that rises beyond a speculative level. *Id.* at 3; *Thompson*, 125 F.3d at 903 (stating that where a fraud claim is based on information and belief, it must state a factual basis for the belief). Moreover, even if Singleton's agency allegations were more than speculative, he has not alleged that the salesman's

fraudulent statements were made within the scope of authority conferred by his position. *Chou*, 254 F.3d at 1362. In short, Singleton has not alleged that Synchrony committed any fraudulent act apart from the salesman's statements, and he has not alleged how those statements are attributable to Synchrony.

Singleton has not indicated that discovery is necessary for him to obtain this information, nor has he requested the opportunity to amend his complaint. (*See generally* D.E. 17). The Court holds that Singleton has failed to allege a claim of fraud upon which relief may be granted.

### d. Breach of Contract

Under Texas law, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Synchrony suggests that Singleton's pleading is insufficient on all four elements. In particular, Synchrony argues that Singleton's claim fails because he does not identify what contract and warranty were breached—the first element. D.E. 11 at 10-11. Singleton responds that his pleading of a contract that was breached by Synchrony, however conclusory, is sufficient. D.E. 17 at 3.

Here, although Rule 9(b)'s heightened pleading standard does not apply to Singleton's breach of contract claim, his allegations nonetheless fail to raise a right to relief above a speculative level under the federal fact pleading standard. *Twombly*, 550 U.S. at 555. Singleton has failed to identify who the salesman worked for, and

accordingly has not sufficiently alleged the existence of a valid contract with Synchrony. D.E. 9 at 2-3. Singleton's complaint otherwise includes no allegations of what contract he entered with Synchrony or how the contract was breached, two necessary elements of the claim. *See id.* at 2-4; *Smith Int'l, Inc.*, 490 F.3d at 387. Based on Singleton's allegations, this Court cannot reasonably infer that Synchrony is liable for the misconduct alleged, and Singleton's complaint fails to state a claim for breach of contract. *Iqbal*, 556 U.S. at 678.

e. **Texas Business and Commerce Code**

Finally, Synchrony argues that Singleton failed to properly plead allegations of violations under the Texas Business and Commerce Code because, while he referenced chapter 521, he never identified what specific section was violated. D.E. 11 at 12. Regardless, Synchrony argues that chapter 521 of the Texas Business and Commerce Code, which addresses identity theft, does not apply to financial institutions. *Id.* at 12-13. Without acknowledging Synchrony's claim of exemption from the chapter, Singleton responds that Synchrony violated Texas Business and Commerce Code § 521.051 by obtaining, transferring, using, or possessing his personal information without his permission. D.E. 17 at 4.

Synchrony is correct that § 521.051 does not apply to a "financial institution" as defined by 15 U.S.C. § 6809. *Id.* § 521.051(c)(1). A "financial institution" is any institution which engages in financial activities, which includes the lending of money. 15 U.S.C. § 6809(3)(A); 12 U.S.C. § 1843(k)(4)(A).

Here, Singleton has not stated a claim for which relief can be granted under the Texas Business and Commerce Code because Synchrony is exempt from § 521.051, the only provision on which he relies. Tex. Bus. & Com. § 521.051(c)(1). As alleged by Singleton, Synchrony engages in the business of issuing credit cards and other financing. D.E. 9 at 3. Thus, even construing the alleged facts in the light most favorable to Singleton, Synchrony qualifies as a "financial institution" because it engages in the lending of money. 15 U.S.C. § 6809(3)(A); 12 U.S.C. § 1843(k)(4)(A). Because Synchrony's role in the alleged conduct necessarily involves lending money, Singleton cannot make the stated claim for relief against Synchrony and cannot conceivably state such a cause of action.

### IV. Conclusion

Based on the foregoing, the Court GRANTS the motion to dismiss (D.E.11) and ORDERS that Singleton's claims for fraud, breach of contract, and violation of the Texas Business and Commerce Code are DISMISSED with prejudice for failure to state a claim. A dismissal with prejudice is appropriate where Singleton has already amended his complaint once and, rather than requesting leave to amend it again, stood by his first amended complaint. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

ORDERED this 18th day of March, 2019.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE